**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TIMUR NABIEV,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-904** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN, FCI Lewisburg, *et al.*,** | : | |
| **Respondents** | : | |

# MEMORANDUM

Pending before the Court is Petitioner Timur Nabiev's ("Petitioner's") amended motion to enforce the Court's May 28, 2026 Order, (Doc. 15), granting his request for a bond hearing, (**Doc. 18**), and motion to expedite ruling on his amended motion to enforce, (**Doc. 26**). For the reasons stated herein, the motion to enforce will be **GRANTED** insofar as it requests a new bond hearing before an immigration judge, and motion to expedite will be **DISMISSED AS MOOT**.

## I. BACKGROUND

The matter before the Court arises from Petitioner's petition for a writ of habeas corpus, which he filed on April 9, 2026. (Doc. 1). Upon review of that petition, the Court found that Petitioner's detention under 8 U.S.C. §1226(a) without a bond hearing violated his due process rights. (Doc. 14 at

12). Accordingly, the Court ordered that the Government provide Petitioner a bond hearing pursuant to §1226. (Doc. 15).

On August 05, 2026, Petitioner filed a motion to enforce the Court's May 28, 2026 Order, (Doc. 16), and filed an amended motion to enforce on August 10, 2026, (Doc. 18). The Government filed a brief in opposition on August 19, 2026, (Doc. 20), and filed a notice on September 3, 2026, (Doc. 22), requesting that the Government's brief in opposition to the original motion to enforce be accepted as the Government's opposition to the amended motion. Petitioner filed a "notice of developments and status reports" on October 13, 2026, (Doc. 26), that notified the Court that 1) the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal regarding his order of removal and 2) Petitioner filed a petition for review in the Third Circuit, which stayed removal pending Third Circuit review. *Id.* at 2.[1] Petitioner's filing also includes a motion for expedited ruling. (Doc. 26 at 6).

[1] The Court notes that while the BIA's dismissal of Petitioner's appeal would normally "have shifted [Petitioner's detention] from pre-final order detention under §1226(a) to post-final order of removal detention under §1231(a) . . . the 'sole exception to this rule occurs where a final removal order is either judicially stayed by the appropriate court of appeals or

*(footnote continued on next page)*

## II. DISCUSSION

Petitioner argues, *inter alia*, that the bond hearing provided by the Government was constitutionally insufficient in violation of the Court's Order, and requests that the Court order a new bond hearing or, in the alternative, release him. Petitioner alleges a number of defects in the bond hearing including that no interpreter was provided, the party bearing the burden of proof was inconsistent, the questions addressed at the hearing were inconsistent with this Court's Order, Petitioner's counsel omitted key information, and the immigration judge's ("IJ") order "reflects no meaningful consideration of the documentary record." (Doc. 24 at 62).

In response, the Government argues that the Court lacks jurisdiction to review the IJ's decision, that Petitioner failed to exhaust administrative

---

overturned by that court of appeals, in which case detention will revert to the pre-final order statute.'" *Charles v. Hoover, Respondents.*, No. 4:26-CV-00873, 2026 WL 3002843, at *3 (M.D.Pa. Oct. 6, 2026) (quoting *Cuellar-Quijada v. Soto, et al.*, No. 26-1254, 2026 WL 2665705, at *1-2 (D.N.J. Sept. 10, 2026)); *see also Leslie v. Att'y Gen. of the United States*, 678 F.3d 265, 268-70 (3d Cir. 2012) ("Our review indicates that every circuit to consider the issue has held that §1226, not §1231, governs detention during a stay of removal."). Because the Third Circuit has stayed Petitioner's removal pending review, Petitioner remains detained under §1226(a).

remedies, and that the IJ conducted the bond hearing in accordance with the Court's Order. (Doc. 20 at 7).

Starting with the question of exhaustion, "[a] petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, Petitioner challenges the constitutionality of his bond hearing. (Doc. 24 at 62). A challenge of the merits would appropriately be made to the BIA, but a due process challenge is properly within this Court's jurisdiction.

Indeed, while the Court cannot review an IJ's decision, an exception exists which allows the Court to "review whether the bond hearing was fundamentally unfair." *Ghanem v. Warden Essex Cnty. Corr. Facility*, 2022 WL 574624, *2 (3d Cir. 2022); *see also* 8 U.S.C. §1226(e) ("no court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole"); *see also White v. Lowe*, 2025 WL 3187511, *2 (M.D.Pa. Nov. 14, 2025) ("The Third Circuit has repeatedly recognized that this language means what it says: courts may not reverse an administrative decision

denying bond in an immigration proceeding[.]" (citing *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018)).

"In a fundamentally fair bond hearing, due process has three essential elements: 'An alien: (1) must be entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'" *Id.*

**a. Lack of interpreter**

Petitioner is a citizen of Uzbekistan, (Doc. 14 at 1), and his native languages are Tajik and Uzbek with limited proficiency in English. (Doc. 18 at 6; Doc. 24 at 23). Petitioner alleges that the bond hearing was constitutionally defective because the Government failed to provide Petitioner with an interpreter at the hearing. (Doc. 18 at 5-6).

"Throughout all phases of deportation proceedings, petitioners must be afforded due process of law." *Serrano-Alberto v. Att'y Gen. United States*, 859 F.3d 208, 213 (3d Cir. 2017). The Fifth Amendment Due Process Clause guarantees individuals an "opportunity to be heard at a meaningful time and in a meaningful manner" and "[t]his guarantee comprises three key protections: (1) factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) the opportunity to make

arguments on his or her own behalf; and (3) an individualized determination of his [or her] interests." *Id.* (citation and internal quotation marks omitted). "In other words, petitioners must receive a full and fair hearing that allows them a reasonable opportunity to present evidence on their behalf." *Id.* (citation and internal quotation marks omitted).

"It is well established that the provision of an interpreter is a minimum requirement of a fair hearing for [noncitizens] who have limited English proficiency; otherwise, [noncitizens'] procedural rights would be meaningless in cases where the judge and ... [noncitizen] cannot understand each other." *B.C. v. Att'y Gen. United States*, 12 F.4th 306, 314 (3d Cir. 2021) (citation and internal quotation marks omitted). "Failure to provide an interpreter when it becomes apparent that an applicant or a witness is unable to communicate effectively undermines the fairness and reliability of the proceeding, and thus constitutes a denial of due process." *Amos v. Att'y Gen. United States of Am.*, 157 F.4th 313, 324 (3d Cir. 2025). Therefore, "due process requires IJs to determine whether a noncitizen has a sufficient level of proficiency in 'Standard' English to proceed without an interpreter. This may begin by giving noncitizens a meaningful chance to express, on their own terms at the outset of a hearing, the languages in which they are sufficiently proficient." *B.C.*, 12 F.4th at 314.

Petitioner states that he has "limited English proficiency," and that "[h]e did not understand the proceedings as they occurred" and "learned what had transpired only afterward, through communication with a legal representative." (Doc. 18 at 6). The Government does not appear to dispute Petitioner's limited English proficiency, and the unverified transcript from the bond hearing on June 3, 2026, (Doc. 20-10), further supports Petitioner's argument:

> **Immigration Judge Addicot:** . . . So counsel, the respondent's best language is Uzbek?
>
> **Atty. Sirota:** Yes, your Honor. Correct.
>
> **Immigration Judge Addicot:** Okay. And do you intend to present testimony or are you relying on the evidence that you submitted and arguments?
>
> **Atty. Sirota:** I'm relying on the evidence submitted and, um, my argument.
>
> **Immigration Judge Addicot:** Okay.
>
> **Atty. Sirota:** But he also, just for the record, he also speaks Russian.
>
> **Immigration Judge Addicot:** He also speaks Russian. Okay. I'll, I'll note that. Thank you. Okay. And counsel, you can go ahead when you, when you're ready to present arguments regarding Bond.

(Doc. 20-10 at 3).

Petitioner's counsel told IJ Addicot at the bond hearing that Petitioner's best language is Uzbek and that he also speaks Russian. *Id.* Concerningly, at no point did the IJ establish that Petitioner had sufficient proficiency in English nor is there any mention of an interpreter in the transcript. Petitioner was deprived of a fair opportunity at the bond hearing to participate in the proceedings as they were occurring because the IJ failed to determine that Petitioner could sufficiently understand English.

Because of this due process violation, the Court will order a new bond hearing. While the Court need not address Petitioner's other arguments in light of the newly ordered hearing, the Court will briefly address two other points Petitioner raised in his motion to enforce.

**b. Inconsistency in party bearing the burden of proof**

Petitioner argues that the IJ inconsistently described which party bore the burden of proof between the bond hearing and the written memorandum. (Doc. 24 at 22). The Court agrees. At the bond hearing, the IJ stated:

> **Immigration Judge Addicot:** Okay. So in that sense, the, this is in a habeas petition where the, uh, burden has flipped to the department to establish that the respondent poses a danger or a flight risk. The, the burden would remain on the respondent in, in such a case where habeas petitions are granted as a jurisdictional matter. . . .

(Doc. 20-10 at 8).

In contrast, the IJ's written memorandum states "[t]he Court finds Respondent failed to meet his burden of establishing to the satisfaction of the Court that he does not pose a flight risk." (Doc. 20-8 at 3). This inconsistency is also cause for a new bond hearing. *See Akhmedov v. Pittman*, No. 2:25-cv-13734, Dkt. 15 at 6 (D.N.J Feb. 6, 2026) ("Accordingly, the Court orders that the Immigration Court shall provide Petitioner with a new bond hearing applying the appropriate standard of proof because it is unclear what standard of proof the Immigration Court applied during the bond hearing.").

**c. Questions identified in the Court's prior Memorandum**

Petitioner argues that the IJ "denied bond solely on flight risk" which was "the question this Court did not doubt" and failed to examine "the reliability of the Uzbek allegations" which was "the one question this Court expected the hearing to adjudicate." (Doc. 24 at 21). The Court notes that its May 28, 2026 Memorandum was a preliminary assessment based on the evidence presented in the Petitioner's habeas petition. As noted in the Court's Memorandum, an IJ "would have greater access to information that could resolve any factual disputes," (Doc. 14 at 11), and, therefore, an IJ would be in a better position to evaluate both the question of danger and flight risk.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion to enforce will be **GRANTED** insofar as it requests a new bond hearing before an immigration judge. The Government will be required to provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. §1226 within fourteen days of the Court's accompanying Order. The Government will also be directed to file a declaration or affidavit pursuant to 28 U.S.C. §1746 confirming that Petitioner received a bond hearing in accordance with this Memorandum. The motion to expedite ruling on the motion to enforce will be **DISMISSED AS MOOT**. An appropriate Order shall be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 19, 2026**
26-904-02